UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| 2010 DODGE CHALLENGER, ) | Case No. 12-CV-2222 |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| TRACY WILLIAMS, ) | |
| ) | |
| Claimant. ) | |
| ) | |

## OPINION

This case is a civil forfeiture before the court on the Government's Motion to Strike Claim of Tracy Williams (#13) and Magistrate Judge David G. Bernthal's Report and Recommendation (#14). On January 17, 2013, Judge Bernthal entered his Report and Recommendation. This court has reviewed that Report and Recommendation, as well as Claimant Williams's ("Claimant") Answer (#15) and Objection (#16), and the Government's Response (#18). Following this careful review, this court ACCEPTS the Report and Recommendation (#14) and GRANTS the Motion to Strike (#13).

## Background

Although Claimant has filed an Answer (#15), it is, for the most part, nonresponsive. Federal Rule of Civil Procedure 8(b)(1)(B) states that "[i]n responding to a pleading, a party

must… admit or deny the allegations asserted against it by an opposing party." Alternately, "[a] party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(5). Finally, "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6).

In her untimely Answer, Claimant's response to each paragraph in the Complaint takes the form of either "Admit", "Deny", "Neither admit nor deny", or "?". Both "Neither admit nor deny" and the question mark symbol are nonresponsive and not in accordance with Rule 8 of the Federal Rules of Civil Procedure. Even if one of those entries was intended to indicate an insufficient knowledge to form a belief about the truth of the allegation, both of them cannot mean the same thing; thus, at least one of those answers is wholly nonresponsive. Those responses fail to provide this court with Claimant's position on key issues in the present case. Therefore, where not explicitly denied, the following facts are taken from the Government's Complaint (#1).

On March 13, 2012, Dyllyn Williams ("Dyllyn") was at Parkland College. College administrative staff denied him admittance to take a GED placement exam because he had arrived late. Dyllyn became belligerent and made a threatening comment. College staff called for law enforcement. Law enforcement arrived and asked Dyllyn to leave. Law enforcement also smelled the odor of cannabis on Dyllyn. Following a subsequent physical altercation with law enforcement involving Dyllyn's noncompliance with law enforcement directives, Dyllyn was taken into custody and given a *Miranda* warning.

Law enforcement searched Dyllyn's body and found $715 in United States currency and a plastic bag containing 11.34 grams of a green leafy substance that field tested positive for

cannabis. A criminal history check revealed that Dyllyn had been arrested by the Mounds, Illinois Police Department on December 23, 2011 for the unlawful use of weapons and manufacture or delivery of 10-30 grams of cannabis. During the arrest, Dyllyn had been driving a blue 2010 Dodge Challenger.

A narcotics canine was brought to conduct a free air sniff of Dyllyn's vehicle, which was a 2010 Challenger. The canine alerted to the passenger side door. A search revealed a .38 caliber revolver with five rounds of .38 Special and a small amount of cannabis under the spare tire in the trunk and under the driver's side floor mat. Additionally, shoes, clothing, boxes, bags, and vehicle and bank documents alleged to belong to Dyllyn or with his name on it were found in the vehicle. The 2010 Dodge Challenger was seized and is currently in the custody of law enforcement. Dyllyn is Claimant's son. The 2010 Dodge Challenger is registered under Claimant's name.

On August 27, 2012, the Government filed a forfeiture complaint *in rem* against Defendant 2010 Dodge Challenger. A public notice was posted between August 31, 2012 and September 29, 2012. (#5). The publication noted the following:

> Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (August 31, 2012) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter.

(#12 p.2).

On October 25, 2012, a claim of ownership was entered by Claimant. (#11). That claim stated, in pertinent part, as follows:

> I, Tracy Williams, am the owner of the seized property as can be seen by the Certificate of Title…. I loaned the vehicle to my son, Dyllyn Williams, for travel to Champaign, IL for academic testing…. [I] have no knowledge as to

> the drugs found in the vehicle and Dyllyn Williams has no ownership interest
> in this property and the vehicle belongs solely to me.

(#11). Although no record is in the docket when Attorney Jackson, Claimant's counsel, made his first appearance, there is a Clerk's Note indicating that on October 25, 2012, admission paperwork was mailed to him. On December 10, 2012, the Government entered a Motion to Strike Claim and Motion for Entry of Default, arguing that Claimant filed a claim, but failed to file the required answer. (#13). Responses were due by January 2, 2013. No response was filed. On January 4, 2013, Magistrate Judge David G. Bernthal entered a text order setting a hearing regarding the Motion to Strike Claim. On January 16, 2013, that hearing was held.

During the hearing, Judge Bernthal attempted to clarify whether Attorney Jackson failed to file a timely Answer and Response because he was conceding the Government's position, or because he was erroneously awaiting a briefing schedule from the court. Attorney Jackson responded as follows:

> In reading the motion, I think it's fairly plain that the statute provides what the claimant is asking for—the plaintiff is asking for. I thought that a hearing would be set for—I guess that's what this is. My only answer in this is I was never served with the actual complaint in this matter after I entered my appearance. So that would be my response as to why there was no answer given on the basis of this motion. As for the motion, it appears on its face to be valid.

However, Attorney Jackson first appeared on October 25, 2012, when he filed the Claim of Ownership (#11) and this court mailed him the attorney admission papers. On December 10, 2012, the Government filed its Motion to Strike Claim. In the Certificate of Service the Government noted that Attorney Jackson, who was not yet authorized to file electronically, had been sent the Motion to Strike at the address listed in the case caption. Attorney Jackson did not indicate that he did not receive that Motion to Strike and does not provide any argument as to why he failed to file a response by the January 2, 2013 deadline. Notably, at that January 4, 2013

- 4 -

hearing, over two months after his first filing in this case, this court had not yet received Attorney Jackson's oath card for admission, nor had it received his paperwork that would have made him eligible to receive electronic notices and to file electronically. The Clerk of the Court confirmed that Attorney Jackson did not submit his paperwork to become admitted to practice in this court until February 1, 2013. A Clerk's Note indicates that on July 1, 2013, at this court's direction, Attorney Jackson was reminded to complete his electronic filing paperwork.

At the conclusion of the hearing on January 16, 2013, Judge Bernthal then indicated to Attorney Jackson as follows:

> I think the necessary way to do it [is that] I'll have to do a report and recommendation and I will recommend that, at least as to the motion to strike, not necessarily the motion to default the other defendant, which I think is the vehicle itself; and that gives you, Mr. Jackson, if you think of some reason or argument that you want to make as to why that would be an error, you can file an objection. But it won't be a lengthy report and recommendation. I think I will just keep it simple and point out the reasons set forth in the document itself [that] the motion should be granted.

Judge Bernthal entered his Report and Recommendation on January 17, 2013. (#14). The Report and Recommendation noted that Claimant filed no written opposition and offered no argument in opposite at the hearing. The Report and Recommendation recommended that, in the absence of opposition from Claimant, and for the reasons articulated by the Government in its motion, Plaintiff's Motion to Strike Claim Filed by Tracy Williams and Application for Entry of Default (#13) should be granted. (#14). On February 1, 2013, Claimant filed an untimely Answer (#15), as well as a timely Objection to the Report and Recommendation (#16). On February 8, 2013, the Government filed its Response to the Objection. (#18).

**Analysis**

When a party objects to a magistrate judge's report and recommendations on a pretrial matter dispositive of a claim, this court reviews that disposition *de novo*. Fed. R. Civ. P. 72(b)(3). In her Objection, Claimant argues that she is the innocent owner of the defendant vehicle, pursuant to 18 U.S.C. § 983(d). (#16 ¶ 11). As to her failure to file a timely answer, she argues that because she changed counsel mid-litigation, her counsel was neither served with the forfeiture complaint, nor did he receive a copy from the Government. (#16 ¶ 9). Notably, both are novel arguments not raised in written briefs or oral argument before the Magistrate Judge.

The Government responds that Claimant has failed to establish the requisite statutory standing to even sustain her claim. "To contest a forfeiture, a claimant first must demonstrate a sufficient interest in the property to give him Article III standing, otherwise there is no 'case or controversy.' With respect to statutory standing, once the procedural rules… are met, a claimant has standing to defend the forfeiture." *United States v. U.S. Currency, in the Amount of $103,387.27*, 863 F.2d 555, 561 n.10 (7th Cir. 1988). Here, the issue is that of statutory standing. "A claimant must comply with [the] procedural rules to establish statutory standing." *United States v. All Funds on Deposit with R.J. O'Brien & Associates*, 11 C 4175, 2012 WL 1032904 (N.D. Ill. Mar. 27, 2012) (unpublished). "Although a district court has discretion to extend the filing period, it may also insist on strict compliance with the Supplemental Rules." *United States v. $12,126.00 in U.S. Currency*, 337 F. App'x 818, 819 (11th Cir. 2009).

The relevant statute requires that "[a] person asserting an interest in seized property… shall file an answer to the Government's complaint for forfeiture not later than 20 days after the date of the filing of the claim." 18 U.S.C. § 983(a)(4)(B); *see also* Fed. R. Civ. P. G(5)(b) ("A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21

days after filing the claim. A claimant waives an objection to *in rem* jurisdiction or to venue if the objection is not made by motion or stated in the answer."). It is not disputed that Claimant failed to file a timely Answer. Although the Government's Public Notice on August 29, 2012, Amended Notice on September 28, 2012, and Motion to Strike Claim on December 10, 2012, all gave sufficient warning as to the consequences of failing to file an answer, Attorney Jackson filed that answer two months and two weeks late—and a full 15 days after being reminded by Judge Bernthal. Further, as discussed above, this court cannot even discern its meaning.

As for Claimant's explanation that counsel had not known of the Complaint, the Government responds that Claimant was properly served with the Amended Notice of Forfeiture Action via certified mail on September 28, 2012, pursuant to Rule G(4)(b) of the Federal Rules of Civil Procedure. That notice, which attached a copy of the complaint for forfeiture, clearly stated the time requirements for filing a Claim and Answer to defend the property. Claimant should have given a copy of the Complaint to current counsel. If she did not, counsel should have asked her for it. And even if she had lost it, counsel could have gotten a copy of all the relevant documents and deadlines by coming to the Office of the Clerk of the Court and requesting a copy of the docket and a list of pending motions. Not knowing when a filing is due, much less not knowing that a responsive filing is required, is not, under the facts of this case, excusable neglect. There is no "excusable neglect" when "the rule is crystal clear, the error egregious, the excuses so thin as to leave the lapse not only unexcused but inexplicable." *Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996).

Regardless, this court has the discretion to permit Claimant's untimely filing *nunc pro tunc* and permit Claimant's counsel to refile a responsive Answer. In a similar *in rem* case, a district court granted the government's motion to strike a claimant's answer because the claimant

failed to file a properly verified claim, and declined to grant a motion to extend the time for filing a verified claim, which would have enabled claimants to amend their claim. *United States v. U.S. Currency, in the Amount of $103,387.27*, 863 F.2d 555, 562 (7th Cir. 1988). In that case, the Seventh Circuit reversed and remanded, holding that the district court failed to consider: 1) the lack of prejudice to the government if an extension of time were granted; 2) the claimants' apparent good-faith efforts to comply; 3) that the defect was of a highly technical nature; 4) that the error was made by the attorney and not the claimants; and 5) that the amount of currency was large ($103,387 in 1988 dollars; approximately $204,000 adjusted for inflation) (http://www.bls.gov/data/inflation_calculator.htm). *Id*. at 563.

      Here, the U.S. Marshals Service has indicated to this court that it is obliged to make monthly storage payments to a non-government storage agency for the vehicle for the period during which it is held in custody but the matter is not yet adjudicated. Claimant's delay and failure to timely file has therefore caused the government prejudice due to the need to hold a hearing and review and adjudicate the report and recommendation. Second, Claimant's counsel has made repeated errors in filings. Even though the critical error is of a technical nature—timeliness—Attorney Jackson's explanation for his late filing was that he did not know about his deadlines. Counsel never filed a motion for extension of time, a motion to file an answer *instanter*, or a motion to file an amended claim *instanter*. *Cf. United States v. 1,240,675 U.S. Currency*, 89 C 3890, 1990 WL 36263 (N.D. Ill. Mar. 5, 1990) ("In this case, the prolonged failure to file appearances and the failure to attend the rule to show cause hearing amply justify the court order striking claims."). Worse, when given an opportunity to defend his client at a hearing, Attorney Jackson orally conceded that the Government was correct, only to change position in the subsequent written Objection. And last, the value of the defendant vehicle, as

stated by Claimant, is $19,250, which although high, is not extraordinarily large. *Cf. United States v. One 2005 Rolls Royce Phantom*, 07 C 2870, 2008 WL 109114 (N.D. Ill. Jan. 8, 2008) ("The purpose of time limits in forfeiture proceedings is to force potential claimants to come forward as soon as possible after the proceedings have begun so that all interested parties can be heard and the dispute can be resolved expeditiously,") *citing United States v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1436 (9th Cir. 1985).

"Forfeiture is a harsh but effective civil penalty." *United States v. U.S. Currency, in the Amount of $103,387.27*, 863 F.2d 555, 561 (7th Cir. 1988). In this case, given that marijuana was found in the vehicle as well as on Dyllyn's person, and that the defendant vehicle had been in Dyllyn's possession during his December 23, 2011 arrest, this court accordingly exercises its discretion in ACCEPTING the Report and Recommendations and GRANTS the Government's Motion to Strike Claim and Application for Entry of Default Judgment (#13).

IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendations (#14) is ACCEPTED.

(2) The Government's Motion to Strike Claim (#13) is GRANTED.

(3) The Government's Motion for Default Judgment (#13) is GRANTED.

(4) The defendant property is hereby forfeited to the United States of America and no other right, title, or interest shall exist therein.

(5) This case is terminated.

ENTERED this 19th day of July, 2013

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE